USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DAVID GARCIA,

                    Petitioner,

   -against-

LUIS MARSHALL, Sing Sing Correctional Facility,

                    Respondent.
------------------------------------------------------------------ x

**<u>FINAL ORDER DENYING PETITION FOR HABEAS CORPUS</u>**

02 Civ. 7353 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties appeared before me on August 14, 2007 for oral argument on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As stated on the record, I deny the petition. Since there was probable cause to arrest Petitioner for murder (although not for robbery), trial counsel's waiver of a hearing pursuant to <u>Dunaway v. New York</u>, 442 U.S. 200 (1979), to determine the existence or not of probable cause for Petitioner's arrest, raises an academic issue. Therefore, the waiver did not constitute ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. U.S. Const. amend. VI, XIV; <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); see also <u>Wiggins v. Smith</u>, 539 U.S. 510, 536 (2003).

      I have delayed issuing a final order on petitioner's claim because of an ongoing proceeding that was pending in New York State court relating to Petitioner's claim of actual innocence, N.Y. Crim. Proc. Law § 440.30. During the past year, since oral argument took place before me, petitioner regularly apprised me, by letter to the Court, with updates on the state court proceeding. On August 7, 2008, petitioner argued before Justice Michael Obus of the New York Supreme Court that the DNA evidence, if applied to certain articles found in and near the

1

apartment of the murdered victim, would exculpate him and establish another individual's culpability for the crime.

Justice Obus denied petitioner's motion. The court found, after diligent search and review by the New York Police Department, that "all of the available evidence has been examined . . . using up to date techniques," and that "the only DNA [evidence] that has been found is that of the victim." The court held that "no further hearing is warranted and there is no basis to order further relief pursuant to Criminal Procedure Law § 440-30(1-a)."

Counsel for petitioner, in this Court and in the New York Supreme Court, writes that she intends to request leave to appeal, and asks that I wait until the end of September to file any opinion in this case. However, it is well-established that newly discovered factual evidence on a petitioner's claim of innocence is not a basis for federal habeas relief. See Herrera v. Collins, 506 U.S. 390, 399-402 (1993).

After more than four years of active litigation, supplemental briefing on several issues, including petitioner's actual innocence claim and whether this Court had the right to retain jurisdiction, and the granting of numerous stays while state court proceedings were pending, it is time to close these proceedings. At oral argument last year, I concluded that petitioner would not be able to prevail on his claim that his confession was coerced because the state judge's finding to the contrary was not based on unreasonable factual findings and did not involve an unreasonable application of United States Supreme Court precedent. I also noted that petitioner's trial counsel performed ably at both the first and second trials. Furthermore, I agreed with the state courts in concluding that since there was ample probable cause for petitioner's arrest for the murder of Robert Connolly, counsel's failure to secure a pretrial Dunaway hearing for her client did not affect the trial's outcome. Ultimately, I found that petitioner had received a

fair trial that resulted in a jury verdict based on legally sufficient evidence. See Tr. of Aug. 14, 2007 oral argument.

With the conclusion of the state court proceedings, I find that there has not been a substantial showing of the denial of a constitutional right and therefore deny a certificate of appealability. Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court shall mark the case closed.

SO ORDERED.

Dated:   New York, New York
         August 28, 2008

_____
ALVIN K. HELLERSTEIN
United States District Judge