# M&B

**MOSKOWITZ & BOOK, LLP**

Susan J. Walsh
Partner
SWalsh@moskowitzandbook.com

1372 Broadway, Suite 1402
New York, NY 10018
Phone: (212) 221-7999
Fax: (212) 398-8835
www.moskowitzandbook.com

SEP 02 2008

August 28, 2008

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**BY HAND DELIVERY AND OVERNIGHT MAIL**

Re: *Garcia v. Marshall* 02 Civ 7353 (AKH)

*[Handwritten annotation: To Ct will see Counsel at Conference, Sept 8, 2008, at 10:30 a.m. to discuss the issues. 9/2/08 [signed] A.K. Hellerstein]*

Dear Judge Hellerstein:

   I write to respectfully request clarification of the Court's most recent Order in the above captioned matter dated August 28, 2008, before proceeding with additional litigation.

   Specifically, this Court's Final Order Denying the Petition this month appears to be in direct conflict with the Order of September 6, 2007 and the Court's comments on the record at the hearing dated August 14, 2007.  The Court's recent Order <u>denies a certificate of appealability</u>. (*See*, Order of August 28, 2008 enclosed).  However, in the September 6, 2007 Order this Court held that "because there has been a substantial showing of the denial of a constitutional right, <u>I grant Petitioner a certificate of appealability regarding h</u>is claim that counsel's waiver of a Dunaway hearing constituted ineffective assistance of counsel. (citations omitted)." (*See*, Order of September 7, 2007 enclosed).  At the last hearing on this matter the Court also stated, "<u>I will attach to the rulings I make in the summary order to follow the certificate required by Section 2253 that there has been a showing, a substantial showing that a constitutional right may have been denied on the issues I mentioned that warrant appeal of those issues</u>," (Transcript of August 14, 2007 at p. 63, enclosed).  Thus, it is unclear if the Court's recent Order pertains only to the actual innocence claim or the entire petition.

   Cognizant of the Court's September 2007 Order and the above comments regarding the issuance of a certificate of appealability, Petitioner proceeded with efforts in the state court to secure evidence for more sophisticated DNA testing on items seized from the crime scene, and to hold the issuance of a final decision on the federal claim in abeyance, pending the outcome of the actual innocence claim.  It took the prosecution close to three years to present affidavits from Detectives entrusted with this investigation, (all of which attest that several items seized and

vouchered by them have been "lost."). All the tests results on the items that were located and retested did not show the presence of petitioner's DNA on a single item. Instead, the results revealed only the presence of the victim's DNA. Still today, since the day the homicide occurred, not a single piece of physical evidence ties petitioner to the crime. Nevertheless, the state court determined that the affidavits swearing that the items were lost or misplaced were sufficient even in the absence of a hearing and denied further relief. Petitioner will challenge that decision to a higher state court.

Accordingly, other than the prosecution's final statement that the evidence they once secured from a homicide scene now appears to be "lost" – nothing has changed with respect to the posture of Petitioner's federal constitutional claims since the Court's Order in September 2007. Regardless of whether Petitioner can demonstrate his actual innocence through DNA testing below, he still has a viable constitutional claim with respect to his right to effective assistance of counsel, as noted by this Court in the September 2007 Decision. ("The only error is not having a *Dunaway* hearing. If I'm wrong in my holding that the outcome of a *Dunaway* hearing would not have changed anything, Ms. Walsh wants to appeal that, and I think she should." (*See*, Transcript of August 14, 2007 at 67).

Moreover, the fact that it has taken the prosecution years to answer the claim in state court can hardly be laid at Petitioner's feet. Even in August of 2007 it was recognized that the prosecution was not proceeding with sufficient alacrity on the case, "…the point that Ms. Walsh makes and that I reinforce is that there has to be a better responsiveness on the part of the district attorney's office than has heretofore been the case." (The Court, Transcript August 14, 2007, at 70). Indeed, in September 2007 when the prosecution still had not fully accounted for the whereabouts of all evidence it seized and is charged with safekeeping, Petitioner raised a constitutional objection, " …in light of the fact that ths has been more than thirteen months its been pending since the court made a decision on the defense application, it raises concerns for me under both the New York and Federal Constitution as to whether or not Mr. Garcia's substantive and procedural process rights have been violated by dilatory tactics by the office of the district attorney." (*See*, Transcript of September 25, 2007, enclosed).

David Garcia has made an actual innocence claim. He has maintained his innocence and diligently pursued and continues to pursue every avenue of relief available under the New York and Federal Constitutions. He has proceeded to consolidate and exhaust all remedies in as timely a manner as the process has afforded him. Since August of 2007 he has pursued his last avenue of state court relief completely of the belief that were he not able to ultimately demonstrate his innocence through science in the state court, he would finally have his constitutional claim of ineffective assistance of counsel reviewed by the Second Circuit Court of Appeals.

This Court's most recent Order appears to have squashed that belief gleaned by Petitioner from the earlier Order of September 2008. The conflicting Orders must be clarified to determine if this Court meant only to deny a certificate based on the actual innocence claim and maintain a certificate for the ineffective assistance claim, or if indeed the Court meant to deny the certificate altogether and Petitioner should seek alternative redress in a higher court.

    Thank you for your time and consideration.

Respectfully submitted,

Susan J. Walsh<br>
Attorney for Petitioner Garcia

Encl.

cc: Hilary Hassler, Esq. (w encl)

    David Garcia (w/encl)